UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CECE ET. AL., | Case No. 16-10410 |
| Plaintiffs, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| COUNTY OF WAYNE, ET. AL., | U.S. MAGISTRATE JUDGE STEPHANIE DAWKINS DAVIS |
| Defendants. / | |

**ORDER DENYING MOTION FOR RECONSIDERATION [61]**

Plaintiffs, former employees of the Wayne County Sheriff's Department, filed a complaint against Defendants on February 4, 2016. Plaintiffs allege a claim under 42 U.S.C. §1983 for unilaterally changing the Plaintiffs' vested pension benefits, constituting a taking of property. In the alternative, Plaintiffs also bring a breach of contract claim. Defendants filed a Motion for Summary Judgment [44] on January 27, 2017. Plaintiffs filed a response [49] on February 21, 2017 and Defendants replied [51] on March 7, 2017. The Court held a hearing on the Motion on June 26, 2017. The Court entered an Order granting the Motion for Summary Judgment [59] and entered Judgment [60] on June 28, 2017.

Plaintiffs filed a Motion for Reconsideration [61] on July 12, 2017. For the reasons stated below, this Motion is **DENIED**.

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003). A Motion for Reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools*, 298 F.Supp.2d 636, 637 (E.D.Mich.2003) (*citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir.1998); *see also Scottsdale Insur. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir.2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Plaintiffs argue that the Court erred because it entered judgment in the case without addressing the promissory estoppel argument made by Plaintiffs in their complaint.[1] There is not an actual count of promissory estoppel to be found in the

---

[1] Plaintiffs cite the Third Amended Complaint [33] in this Motion. However, the final complaint is actually the Fourth Amended complaint [41]; therefore the Court will refer to that complaint in this order.

complaint. Rather there is one paragraph under the breach of contract claim that states:

> Each of the above named Plaintiffs retired from Wayne County under the terms of one of the four Memorandums of Agreement Exhibit 2, 3, 4 and 5, relied upon the promised made by Defendants, that being they would not be required to pay medical insurance premiums.

[41 at ¶18]. Despite amending the complaint three times, a claim of promissory estoppel was never raised outside of the indirect reference presented in ¶18 above. "[T]here is no duty on the part of the trial court or the appellate court to create a claim which appellant has not spelled out in his pleading." *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975).

The Plaintiff amended the complaint three times, filed a response to the Motion for Summary Judgment and was present at a hearing on that Motion. Plaintiff does not present any argument for why the promissory estoppel claim was not spelled out in any of the various versions of pleadings that were filed or why it was not raised at any time prior to this Motion. Therefore, the Plaintiff's Motion for Reconsideration [61] is **DENIED**.

**SO ORDERED**.

Dated: September 14, 2017

s/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge